THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS YELLOWOWL-BURDEAU,

    Plaintiff,

v.

CITY OF TUKWILA, d/b/a TUKWILA POLICE DEPARTMENT, a local governmental entity, JAMES STURGILL, an individual, and MIKE BOEHMER, an individual,

    Defendants.

No. 2:16-cv-01632-RAJ

ORDER

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. # 8. Plaintiff opposes the motion. Dkt. # 11. For the reasons that follow, the Court DENIES the motion.

**I.    BACKGROUND**

On October 13, 2012, a Tukwila Police Department K-9, Gino, bit Plaintiff's leg while two officers, James Sturgill and Mike Boehmer, tackled Plaintiff and unleashed pepper spray. Dkt. # 1-1 (Amended Complaint) at ¶ 2.1. Plaintiff sustained serious and permanent injuries due to the dog bite. *Id.* at ¶ 2.16. On November 9, 2015, Plaintiff sued the City of Tukwila ("City") in King County Superior Court, alleging that its officers used excessive force during the arrest.

In September 2016, Plaintiff moved to amend his complaint by adding

ORDER - 1

Officers Sturgill and Boehmer as individual defendants. Dkt. # 12 at 4. The City opposed Plaintiff's motion, arguing that the statute of limitations barred Plaintiff from suing the individual officers. *Id.* at 17. The state court ruled in Plaintiff's favor. *Id.* at 41. Defendants removed to this Court and now seek to reargue the statute of limitations issue.

## II. LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## III. DISCUSSION

A. <u>Collateral Estoppel</u>

Plaintiff argues that Defendants are collaterally estopped from seeking dismissal of the individual officers. Dkt. # 11 at 4. Defendants respond that

collateral estoppel is not applicable because the issues presented to the state court are not identical to the issues presented to this Court, the officers lack privity with the City, the officers were not afforded a full opportunity to litigate this issue to the state court, and applying the doctrine would be unjust. Dkt. # 8 at 6-9.

Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue on which a court has already ruled. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In determining the preclusive effect of a prior state court judgment, federal courts apply the collateral estoppel rules of the state that rendered the underlying judgment. *See* 29 U.S.C. § 1738 ("Full Faith and Credit Act"); *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984); *Everett v. Perez*, 78 F.Supp.2d 1134, 1136 (E.D. Wash. 1999). In this case, a Washington state court ruled on whether Plaintiff could amend his complaint to add the individual officers as defendants, and therefore this Court will abide by Washington rules regarding collateral estoppel. *Everett*, 78 F.Supp.2d at 1136.

Under Washington law, a party may not relitigate an issue after the party against whom the doctrine is applied has had a full and fair opportunity to litigate his or her case. *Hanson v. City of Snohomish*, 852 P.2d 295, 300 (Wash. 1993). Before a court may apply the doctrine of collateral estoppel, the moving party must prove that:

> (1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea of collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation; and (4) application of the doctrine must not work an injustice.

*In re Moi*, 360 P.3d 811, 813 (Wash. 2015), *as amended* (Jan. 25, 2017), *cert. denied*

ORDER - 3

*sub nom. Washington v. Moi*, 137 S. Ct. 566 (2016). Defendants concede that the state court judgment constitutes a final judgment; therefore, the Court need only analyze the three remaining elements.

  *1. Identical Issues*

Courts may look to the Restatement of Judgments for guidance in determining whether an issue in the prior adjudication is identical to an issue in the subsequent proceeding. The Restatement identifies four factors for courts to consider:

> (1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?
>
> (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?
>
> (3) could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?
>
> (4) how closely related are the claims involved in the two proceedings?

*Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995), *opinion amended on reh'g sub nom. Kamilche v. United States*, 75 F.3d 1391 (9th Cir. 1996) (citing the Restatement (Second) of Judgments § 27); *see also Lopez-Vasquez v. Dep't of Labor & Indus. of St. of Wash.*, 276 P.3d 354, 357 (Wash. Ct. App. 2012).

In the prior state court proceeding, the City argued that the statute of limitations barred Plaintiff from suing the individual officers. Dkt. # 12 at 17-25. The City alluded to Federal Rule of Civil Procedure 15(c), stating that the "claims

ORDER - 4

against officers Sturgill and Boehmer would not relate back to the original complaint." *Id.* at 22. After reviewing the arguments in opposition to Plaintiff's motion to amend, the state court granted the motion to amend and allowed Plaintiff to add the individual officers to his complaint. *Id.* at 41-42.

In their current motion, Defendants argue that the "applicable statute of limitations has expired" and "[r]elation-back does not breathe life into Plaintiff's expired claims." Dkt. # 8 at 3. This is the identical issue that the City addressed in its opposition to Plaintiff's prior motion to amend. Moreover, Defendants did not require additional evidence to advance their current argument than the City required when it previously brought this argument. Indeed, the evidence and some of the case law presented in the instant motion substantially overlap with what the City presented in the state court proceeding. Accordingly, the Court concludes that the issue decided in state court is identical to the issue presented in the current motion.

*2. Privity of parties*

Courts generally "view different defendants between suits as the same party as long as they are in privity." *Kuhlman v. Thomas*, 897 P.2d 365, 368 (Wash. Ct. App. 1995). Many courts "have concluded that, in general, the employer/employee relationship is sufficient to establish privity." *Id.* This is especially true when a suit against an employer is based upon actions of its employees. *Id.* at 368-69 ("The suit against SHA was therefore essentially a suit against its employees. That is to say, whether SHA violated Kuhlman's rights turned on the propriety of its employees conduct."). Privity may also exist where the initial party "adequately represented the nonparty's interests in the prior proceeding." *Stevens County v. Futurewise*, 192 P.3d 1, 6 (Wash. Ct. App. 2008).

Officers Boehmer and Sturgill are employees of the City and it is their actions, in part, that prompted Plaintiff to file this lawsuit. Indeed, Plaintiff brought a vicarious liability claim against the City for the actions of these officers. Dkt. # 1-

1 at ¶ 8.1. Moreover, the City adequately represented the officers' interests when it opposed Plaintiff's prior motion to amend. The City raised the same arguments in its opposition that Defendants raise here; specifically, the City argued that the statute of limitations had run and therefore Plaintiff was barred from suing the individual officers. It does not appear to this Court that the City failed to properly represent the interests of the officers in the prior proceeding. As such, the Court finds privity between the individual officers and the City.

*3. Whether applying the doctrine will work an injustice*

"'[I]njustice' means more than that the prior decision was wrong." *State Farm Mut. Auto. Ins. Co. v. Avery*, 57 P.3d 300, 304 (Wash. Ct. App. 2002). To analyze whether an injustice will occur, the Court looks to whether the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Nielson By & Through Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 956 P.2d 312, 317 (Wash. 1998).

Defendants argue that applying the doctrine of collateral estoppel will work an injustice to the individual officers. Defendants claim that, though they argued the issue of whether Plaintiff's amendment would relate back to the original complaint, this was not actually the focus of the prior proceeding. Defendants appear to fault the state court for its summary order granting Plaintiff's motion to amend; Defendants find that the state court did not expressly address the relation-back issue and therefore there is room for this Court to make a decision on the merits. The Court is not persuaded.

In order for the state court to have allowed Plaintiff to sue the individual officers, it would necessarily have analyzed whether the claims against the officers could relate back to the original date of the complaint. This Court need not assume otherwise. Moreover, Defendants claim that they were not offered a chance to fully litigate the relation-back issue, yet they did not present substantially new legal

arguments or factual evidence in this Motion that they failed to present in prior briefing. Allowing Defendants to reargue the issue would grant them a second bite of the apple. Accordingly, the Court finds that applying the doctrine of collateral estoppel does not work an injustice in this context.

**IV. CONCLUSION**

For all the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss the individual officers. Dkt. # 8.

Dated this 3rd day of May, 2017.

The Honorable Richard A. Jones
United States District Judge